NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFFORD PAPER INC., | CIVIL ACTION NO. 17-2439 (JLL) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| COLONIAL PRESS INTERNATIONAL INC., | |
| Defendant. | |

**LINARES, Chief District Judge**

**IT APPEARING THAT:**

1. Currently pending before the Court is a motion by the defendant, Colonial Press International Inc. (hereinafter, "Colonial"), to transfer this federal action to a federal district court in Florida, among other alternative relief. See 28 U.S.C. § 1404(a) (concerning a change of venue for a federal action). (See ECF No. 8 through ECF No. 8-4; ECF No. 9; ECF No. 10 through ECF No. 10-21; ECF No. 11; ECF No. 14.)[1] The plaintiff, Clifford Paper Inc. (hereinafter, "Clifford"), opposes Colonial's motion. (See ECF No. 12; ECF No. 12-1; ECF No. 13.)

---

[1] (See ECF No. 9 at 20 (Colonial citing Jumara v. State Farm Insurance Company, 55 F.3d 873 (3d Cir. 1995), Tischio v. Bontex, Inc., 16 F.Supp.2d 511 (D.N.J. 1998), and other cases that either granted or addressed relief to the movants under Section 1404(a)).)

**2.** The Court resolves Colonial's motion upon a review of the papers and without oral argument. See L.Civ.R. 78.1(b). For the following reasons, the Court orders this federal action to be transferred to United States District Court for the Southern District of Florida.

**3.** Clifford is deemed to be a New Jersey citizen. Colonial is deemed to be a Florida citizen. Colonial has its principal place of business in Miami, Florida, which is located in the area covered by the United States District Court for the Southern District of Florida. (See ECF No. 1.) See http://www.flsd.uscourts.gov.

**4.** Clifford describes itself as being "a large paper company" with "annual sales revenue [of] approximately $400 million." (ECF No. 12 at 3; ECF No. 10-18 at 19.) Colonial is in the printing business. (See ECF No. 1.) Colonial has been purchasing paper products from Clifford since 2009. (See ECF No. 12-1 at 1.)

**5.** In this federal action, Clifford alleges that Colonial has failed to make certain payments on several invoices, and that Colonial's total debt owed to Clifford (hereinafter, "the Debt") is now approximately $475,000. This federal action contains claims for breach of contract against Colonial. (See ECF No. 1.)

**6.** However, before Clifford brought this federal action, Colonial brought an action against Clifford in Florida state court in Miami-Dade County for: **(a)** tortious interference with business relationships based upon Clifford's conduct in seeking to collect the Debt; and **(b)** defamation by implication based on Clifford's statements to others in the paper industry concerning Colonial's business affairs. See Fla. Civil Case

No. 17-7936-CA-01. (See ECF No. 10-13 at 2–10; ECF No. 12 at 5.) Clifford has appeared in the Florida state action, wherein jurisdictional discovery is occurring and a motion is pending. (See ECF No. 12 at 3–4.)

7. It is not necessary for the Court to restate the standard for resolving a motion to transfer a federal action to a different venue pursuant to Section 1404(a), because that standard has been already enunciated and is well-settled. See Jumara, 55 F.3d at 879–80 (setting forth the standard and the factors to be considered); see also In re Amendt, 169 Fed.Appx. 93, 96 (3d Cir. 2006) (reiterating the holding in Jumara). However, it should be noted that the Court possesses the broad discretion to transfer an action to a federal district where the action might have been brought. See 28 U.S.C. § 1404(a); see also Jumara, 55 F.3d at 875; id. at 877 n.3; id. at 883.

8. The Court concludes that it would have been more appropriate for this federal action to have been brought in the Southern District of Florida, and therefore the Court transfers the action there.

9. Admittedly, Colonial's previous payments on its invoices were processed by Clifford in New Jersey. (See ECF No. 12-1 at 2–3.)

10. Nevertheless, the following factors overwhelmingly weigh in favor of a transfer of this action to the Southern District of Florida: **(a)** Colonial's business operations are only in Miami, Florida; **(b)** Colonial has no employees in New Jersey; **(c)** until recently, Clifford set forth on its website that it had an office and a contact number in Vero Beach, Indian River County, Florida, which is located within the Southern

District of Florida; **(d)** Clifford's employees personally met with Colonial's employees in Florida on several occasions during the course of their business relationship, but there is no indication in the motion papers before the Court that Colonial's employees ever met with Clifford's employees in New Jersey; **(e)** all of the paper products that were supplied by Clifford, including the products underlying the Debt, were delivered to Colonial in Florida; **(f)** the Florida state litigation is proceeding within the area that is covered by the Southern District of Florida, and thus it would be preferable for the purposes of coordination and administration for this federal action to proceed there; **(g)** Florida citizens will have an interest in the outcome of this action, because the Debt arose there; and **(h)** the majority of the witnesses in this action probably work or live near or within the Southern District of Florida. See In re Christian, 403 Fed.Appx. 651, 652 (3d Cir. 2010) (denying a petition for a writ of mandamus to compel a Pennsylvania district court to vacate an order that transferred a case to a Virginia district court, and reasoning that not all of the defendants resided in Pennsylvania, and that the events at issue arose in Virginia); DLB Assocs. Consulting Eng'rs, P.C. v. Reynolds, Inc., No. 12-7524, 2014 WL 2011236, at *1–2 (D.N.J. May 16, 2014) (transferring an indemnification action that was brought by a New Jersey entity against a Georgia entity to the Northern District of Georgia, because there was related litigation in the Georgia state courts); Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC, No. 05-2309, 2006 WL 1675067, at *2–5 (D.N.J. June 15, 2006) (transferring a breach of contract action that was brought by a New Jersey entity against a Florida entity to the Middle District of Florida); E.E. Cruz

& Co., Inc. v. Alufab, Inc., No. 06-262, 2006 WL 1344095, at *6–7 (D.N.J. May 16, 2006) (transferring a breach of contract action that was brought by a New Jersey entity against a Florida entity to the Southern District of Florida).

**11.** Furthermore, it is apparent that Clifford is a sophisticated party. Clifford was capable of negotiating with a local printing company, *i.e.*, Colonial, for a New Jersey forum clause that would apply to any potential litigation between the parties, but Clifford failed to do so. Thus, any argument that Colonial should have expected that a potential dispute with Clifford could result in New Jersey litigation is of little merit. See Aylen v. Volunteers of Am. Chesapeake, Inc., No. 15-2265, 2015 U.S. Dist. LEXIS 83689, at *1–4 (D.N.J. June 29, 2015) (holding the same, where a district court transferred an action to Maryland that had been brought by a New Jersey citizen against a Maryland entity concerning the failure to pay for services that were rendered in Maryland).

**12.** The fact that Clifford is a New Jersey citizen does not outweigh the aforementioned factors that make Florida the more-appropriate venue for this federal action, because New Jersey has little connection with the operative facts at issue here. See Shubert v. Marriott Int'l, Inc., No. 15-5111, 2016 WL 245252, at *2 (D.N.J. Jan. 21, 2016) (holding in a civil action that "when the dispute central to a lawsuit arose from events that occurred almost exclusively in another state, as is the case here, courts give substantially less weight to the plaintiff's forum choice"); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) (holding that "[t]he choice of forum by a plaintiff is simply a preference; it is not a right"); Nat'l Prop. Investors VIII v. Shell Oil Co., 917

F.Supp. 324, 327 (D.N.J. 1995) (holding that a plaintiff's choice of venue is not "decisive," and that the choice is accorded less deference "when the central facts of a lawsuit occur outside of the chosen forum"). Furthermore, Clifford cannot reasonably argue that Florida is an inconvenient forum, because **(a)** it put itself out as having an office there until recently, and **(b)** its employees dealt with Colonial on a regular basis in Florida.

**13.** Furthermore, the Court notes that the convenience of counsel is not a consideration as to the issue of the proper venue for an action. See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

**14.** The Court is authorized to address the propriety of transferring this federal action to another venue, regardless of whether or not the Court possesses personal jurisdiction over Colonial. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962). While "[t]he question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, . . . a court may reverse the normal order of considering personal jurisdiction and venue," and thus the Court is empowered to transfer this action to the Southern District of Florida now. Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979).

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this ___26th___ day of June, 2017, **ORDERED** that the defendant's motion to transfer this action pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Florida, among other alternative relief **(ECF No. 8)**, is **GRANTED IN PART AND DENIED IN PART** as follows:

**GRANTED TO THE EXTENT** that the motion concerns the transfer of this action to the United States District Court for the Southern District of Florida, and it is further

**DENIED WITHOUT PREJUDICE TO THE EXTENT** that the motion concerns other alternative relief; and it is further

**ORDERED** that the Clerk of the Court **TRANSFER THIS ACTION** to the United States District Court for the Southern District of Florida; and it is further

**ORDERED** that the Clerk of the Court designate this action, insofar as it exists in the United States District Court for the District of New Jersey, as **CLOSED**.

JOSE L. LINARES
Chief Judge, United States District Court